UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERTSON JOHNSON,

       Plaintiff,

v.                          CASE No. 8:13-CV-2572-T-TGW

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       Defendant.

_____

ORDER

       The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

       The plaintiff, who was forty years old at the time of the most recent administrative hearing and who has some college education, has worked relevantly as a short order cook (Tr. 68).  He filed a claim for supplemental security income payments, alleging that he became disabled due

_____

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 17).

to degenerative disc/lower back and sciatic pain, carpal tunnel syndrome in both wrists, depression, anxiety, sleep apnea, diabetes, and morbid obesity (Tr. 297).[2] The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "herniated disc/degenerative disc disease (DDD) of the lumbar spine; sciatica; right lateral epicondylitis, status-post surgery; morbid obesity with possible obesity hypoventilation syndrome; obstructive sleep apnea (OSA); organic idiopathic sleep related non-obstructive alveolar hypoventilation; orthopnea; and diabetes mellitus" (Tr. 24). The law judge concluded that, with these impairments, the plaintiff has the residual functional capacity (Tr. 26):

> to perform light work as defined in 20 CFR 416.967(b) except climbing ramps/stairs, balancing, stooping, kneeling, crouching, and crawling are limited to occasional. All climbing of ladders, ropes, or scaffolds is precluded as is reaching overhead. Due to the complaints regarding back pain and morbid obesity, the claimant will require a sit/stand option at will.

---

[2]The plaintiff also filed an application for Social Security disability benefits. That application was subsequently withdrawn (Tr. 21-22, 67-68).

The law judge determined that these restrictions prevented the plaintiff from returning to his past relevant work (Tr. 33).  However, based upon the testimony of a vocational expert, the law judge found that the plaintiff could perform jobs that exist in significant numbers in the national economy, such as electronics worker, automatic packer, and cashier/parking lot (Tr. 34). The law judge therefore ruled that the plaintiff was not disabled (Tr. 35).  The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months."   42 U.S.C.  1382c(a)(3)(A).   A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

-3-

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff's sole argument is that the law judge's "decision was in error by finding that the Plaintiff had the severe impairments of carpal tunnel syndrome and sleep apnea, but failing to identify what limitations were caused by these impairments and including those limitations in the residual functional capacity assessment findings" (Doc. 23, pp. 2, 5). This contention is meritless. Moreover, under the Scheduling Order and Memorandum Requirements, all other contentions are forfeited (see Doc. 15, p. 2).

The plaintiff first asserts that "[t]here is no logical bridge between the severe impairment of sleep apnea and the residual functional capacity findings of the Administrative Law Judge" (Doc. 23, p. 5).

However, there is no inconsistency between the finding of a severe impairment of obstructive sleep apnea and the law judge's residual functional capacity, even if the law judge's restriction of the plaintiff to a range of light work with a sit/stand option does not provide some accommodation for the plaintiff's sleep apnea.

As the law judge recognized, the plaintiff underwent sleep studies for his condition. The law judge found that "[t]here was resolution of severe sleep-disordered breathing with nocturnal nasal CPAP" (Tr. 27). He added that "[t]he claimant reported that he was sleeping better with the use of a CPAP machine" (Tr. 28). In light of these circumstances, the law judge could reasonably conclude that the plaintiff's sleep apnea without any treatment caused significant functional limitations, but that with the CPAP machine the plaintiff did not have any significant limitations.

In all events, in order to prevail, the plaintiff must show that he had functional limitations from his obstructive sleep apnea that were not included in the law judge's determination of the plaintiff's residual functional capacity. In this respect, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient;

instead, the claimant must show the effect of the impairment on h[is] ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005) (quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)). In other words, it is the functional limitations that determine disability. Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); McCruter v. Bowen, supra.

Here, the plaintiff makes no attempt to show how his obstructive sleep apnea creates a specific functional limitation beyond the law judge's residual functional capacity. The plaintiff during the hearing did not identify any functional limitations from sleep apnea (see Tr. 71-72). Further, at the hearing plaintiff's counsel did not suggest any functional limitations to the vocational expert from the condition. Most significantly, in his memorandum, the plaintiff does not specify any functional limitations from sleep apnea. Under these circumstances, the plaintiff has failed to demonstrate that there were functional limitations from his sleep apnea that the law judge should have included in the residual functional capacity finding but did not.

The plaintiff's single issue also asserts that the law judge erred by finding that the plaintiff has the severe impairment of carpal tunnel syndrome, but failing to include corresponding limitations in the residual functional capacity assessment (Doc. 23, pp. 2, 5). This argument is baseless.

In the first place, the law judge did not find that the plaintiff's carpal tunnel syndrome constituted a severe impairment, but rather found that it was non-severe (Tr. 24). The law judge pointed out that the plaintiff had surgery for the condition (Tr. 28). Accordingly, the law judge concluded that the plaintiff's carpal tunnel syndrome did "not significantly limit the claimant's vocational ability to perform basic work-related activities" (Tr. 24).

Moreover, the plaintiff did not even mention carpal tunnel syndrome in his argument in the memorandum. Consequently, he obviously fails to demonstrate that his condition created functional limitations beyond the law judge's residual functional capacity. See Moore v. Barnhart, supra; McCruter v. Bowen, supra.

It is noted that, in the argument section of his memorandum, the plaintiff, while not mentioning carpal tunnel syndrome, discusses his

impairment of right lateral epicondylitis, which the Commissioner points out is commonly known as "tennis elbow" (Doc. 23, pp. 5-7; Doc. 24, p. 4). Under the Scheduling Order and Memorandum Requirements, "[t]he Plaintiff must identify with particularity the discrete grounds upon which the administrative decision is being challenged" (Doc. 15, p. 2). No discrete issue was raised regarding this impairment. Furthermore, the Scheduling Order and Memorandum Requirements states that "arguments within a properly articulated issue must relate directly to the particularized issues and shall not include unrelated contentions, observations, or comments" (id.). Consequently, any contention concerning the plaintiff's right lateral epicondylitis is deemed forfeited.

Furthermore, the contention is meritless. The law judge found a severe impairment of "right lateral epicondylitis, status-post surgery" (Tr. 24). In other words, the plaintiff had a remedial operation on his right elbow (see Tr. 28). A subsequent examination revealed that the surgery was successful (Tr. 759, 760). Accordingly, the law judge's residual functional capacity finding, which pertinently limits the plaintiff to lifting and carrying

no more than ten pounds frequently and 20 pounds occasionally with no overhead reaching, accommodates any residuals from the condition.

The plaintiff, citing to a publication from the Centers for Disease and Prevention, asserts that the residual functional capacity should include limitations of "activities involving the combination of force and repetition and/or force and posture" (Doc. 23, p. 7). That publication, however, was not presented to the law judge and thus is not part of the administrative record. Accordingly, under the substantial evidence test, it is not properly considered. Importantly, there is no medical opinion in the record supporting the functional limitation the plaintiff has proposed.

It is, therefore, upon consideration,

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 4th day of February, 2015.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-10-